AO 248 (Rev. S.D. Ind. 09/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-144-JPH-TAB-3 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BROOKE TIBBS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED.

☒ DENIED WITHOUT PREJUDICE. Defendant filed two pro se letters that the Court construes together as Motions for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Dkts. 244, 245. While the Court appreciates the concerns that Ms. Tibbs has raised and understands why she is anxious, her situation as described in her letters does not fit within any of the categories identified by the U.S. Sentencing Guidelines nor is it so unique as to constitute "extraordinary and compelling reasons" as contemplated by § 3582(c)(1)(A). *See United States v. Kirschner*, No. 1:10-CR-00203-JPH-MJD, 2020 WL 4004059, at *3 (S.D. Ind. July 15, 2020) (considering the "unique facts" of defendant's documented underlying health conditions, CDC guidelines about individuals at an increased risk of severe illness or death from COVID-19, conditions at the federal prison, defendant's in-prison conduct, and the short prison sentence remaining before finding that defendant "ha[d] carried his burden of showing extraordinary and compelling reasons warranting a sentence reduction"). In addition, to the extent that Defendant is asking the Court to order the Bureau of Prisons ("BOP") to allow her to serve out the rest of her sentence on home confinement,

it cannot do so. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Defendant's sentence to be served on home confinement. *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Accordingly, Defendant's motions, dkts. [244, 245], are **denied without prejudice**. If Defendant wishes to renew her motion, she may do so by completing and returning the attached form motion. (Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Pro Se Prisoner)). If Defendant renews her motion, she must explain when she tested positive for COVID-19; whether she has recovered; and, if not, what symptoms she is currently experiencing.

☐ OTHER:

**SO ORDERED.**

Date: 12/8/2020

                                                  James Patrick Hanlon
                                                  United States District Judge
                                                  Southern District of Indiana

AO 248 (Rev. S.D. Ind. 09/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

Distribution:

Brooke Tibbs
Reg. No. 15911-028
FCI Greenville
Federal Correctional Institution
Satellite Camp
P.O. Box 6000
Greenville, IL 62246

All Electronically Registered Counsel